USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
NABIL FAWZI, :
:
Petitioner, :  1:18-cv-3158-GHW
:
-v- :  MEMORANDUM OPINION &
:  ORDER
MARLYN KOPP, :
:
Respondent. :
:
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Nabil Fawzi, proceeding *pro se*, brought a 28 U.S.C. § 2254 habeas petition to challenge his New York state conviction for second degree murder. Dkt. No. 2. Judge Moses issued a report recommending that all six of Mr. Fawzi's claims for relief be denied. *See* Dkt. No. 28 (the "R&R"). Mr. Fawzi only objected to the R&R's conclusions with respect to three of those claims. The Court reviewed *de novo* those portions of the R&R to which Mr. Fawzi objected and reviewed the remainder of the R&R for clear error. Having done so, the Court adopts the R&R in full and denies Mr. Fawzi's petition.

I. BACKGROUND

Petitioner was convicted of second-degree murder on November 4, 2013. Dkt. No. 27 at 479. On November 28, 2017, the Appellate Division unanimously affirmed Petitioner's conviction on direct appeal. *People v. Fawzi*, 65 N.Y.S.3d 191 (N.Y. App. Div. 1st Dept. 2017). On January 31, 2018, the Court of Appeals denied leave to appeal. *People v. Fawzi*, 30 N.Y.3d 1104 (2018). The Court refers to the R&R for a comprehensive description of the facts and procedural history of this case.[1] *See* R&R at 2–14.

---

[1] Petitioner does not object to the R&R's recitation of the facts and procedural history.

Petitioner filed his petition for habeas corpus timely on April 10, 2018. Dkt. No. 2 (the "Petition"). In the Petition, Petitioner listed six potential grounds for relief,[2] but Petitioner provided few if any supporting facts to show how those grounds apply to his case. On August 29, 2018, Respondent filed a response opposing the Petition. Dkt. Nos. 17, 18. Petitioner never filed a reply.

Judge Moses issued a comprehensive and well-reasoned R&R on July 15, 2024. Dkt. No. 28. On August 16, 2024, Petitioner filed objections to the R&R. Dkt. No 31 (the "Objections"). Petitioner presented three objections to the R&R: (1) the R&R did not "take a holistic approach" to determine whether there was sufficient evidence of Petitioner's intent; (2) the R&R did not consider whether Petitioner's mother could consent to a search of his locked bedroom; and (3) the R&R was wrong in concluding that an extreme emotional disturbance defense is not reviewable. In support of his objections, Petitioner offered more substantive arguments than in his original Petition. However, Petitioner did not object to the majority of the R&R's conclusions. Specifically, Petitioner did not object to the R&R's conclusion that he is not entitled to relief for his claims of a prejudicial summation by the People, an excessive sentence, or a verdict that was against the great weight of the evidence. Respondent filed a response requesting that the Court adopt the R&R in full on September 10, 2024. Dkt. No 33.

## II.  STANDARD OF REVIEW

### A.  Standard of Review for Reports and Recommendations

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court must "determine *de novo* any part of the magistrate

---

[2] Petitioner stated six grounds for relief: (1) "the verdict was not supported by legally sufficient evidence"; (2) "[the] verdict was against the weight of the evidence"; (3) "illegal search – the entry into his home was neither consensual [n]or justified by exigent circumstances"; (4) "the defense of extreme emotional disturbance was proven by a preponderance of the evidence"; (5) "prosecutorial misconduct in that the prosecutor['s] summation was so prejudicial as to deprive [Petitioner] of a fair trial"; (6) "excessive sentence – [Petitioner] was sentenced to 20 years to life [and] was 20 years old at the time of the crime [with] no prior criminal history." Petition at 6–13.

2

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [r]eport strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation omitted)). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the [m]agistrate [j]udge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citations omitted).

### B. Standard of Review under AEDPA

Since the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, "federal habeas review of state court convictions has been narrowly circumscribed." *Portalatin v. Graham*, 624 F.3d 69, 78 (2d Cir. 2010) (internal citation omitted). "Where . . . the challenged state court decision was adjudicated on the merits, the writ may not issue unless the state court proceeding: '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 79 (quoting 28 U.S.C. § 2254(d)); see also *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a difficult to meet, and highly deferential

3

standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." (internal quotation marks omitted)).

The Second Circuit has "held that a state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when it states that it is disposing of the claims on the merits and reduces its disposition to judgment." *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003); *see also id*. at 160–61 (finding that "[a]s the state court adjudicated petitioner's claims 'on the merits,' we apply the deferential standard of review prescribed by AEDPA"). "If a state court has not adjudicated the claim 'on the merits,' we apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims." *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001). "To determine whether a state court has disposed of a claim on the merits, we consider: '(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.'" *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) (quoting *Aparicio*, 269 F.3d at 93); see also *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001) ("'Adjudicated on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.").

Under Section 2254(d)(1),

[t]o qualify as "clearly established" for the purposes of federal habeas review, a rule of law must be embodied in the "holdings, as opposed to the dicta," of Supreme Court precedent. And, for a state court decision to be "contrary to," or an "unreasonable application of," that Supreme Court precedent, the decision must: (1) "arrive[ ] at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; (2) "decide[ ] a case differently than [the Supreme Court] on a set of materially indistinguishable facts"; or (3) "identif[y] the correct governing legal principle . . . but unreasonably appl[y] that principle to the facts of the prisoner's case." If none of these conditions is met, even if the federal court would have reached a different conclusion on direct review, the petition must be denied.

4

*Portalatin*, 624 F.3d at 79 (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)) (alterations in original). "The Supreme Court has explained that an 'unreasonable application' is one that is 'more than incorrect or erroneous'; it must be 'objectively unreasonable.'" *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003)). "In other words, the state court's decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "The question therefore 'is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Garlick v. Lee*, 1 F.4th 122, 129 (2d Cir. 2021) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

"Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate deference to that decision." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (internal citations omitted). And the Supreme Court has "h[e]ld that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . . It follows that the record under review is limited to the record in existence at that same time[,] i.e., the record before the state court." *Cullen*, 563 U.S. at 181–82.

As for Section 2254(d)(2), "a 'state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Where '[r]easonable minds reviewing the record might disagree' as to the relevant finding, that is not sufficient to supplant the state court's factual determination." *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)). "Nevertheless, the state court's finding might represent an 'unreasonable

5

determination of the facts' where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, *see Wiggins*, 539 U.S. at 528, or where the court ignored highly probative and material evidence, *see Miller–El v. Cockrell*, 537 U.S. 322, 346 (2003)." *Id.*

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

### III. DISCUSSION

#### A. Clear Error Review

A "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *Braunstein v. Barber*, No. 06-CV-5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009). Petitioner has not objected to the R&R's conclusion that Petitioner should be denied relief for three of his claims: (1) that the prosecution's summation was prejudicial; (2) that Petitioner's sentence is excessive; and (3) that the verdict was against the great weight of the evidence. The Court has reviewed those portions of the R&R for clear error and finds none.

### B. *De Novo* Review

The Court reviews *de novo* the portions of the R&R to which Petitioner filed objections. As a *pro se* litigant, Petitioner's submissions are to be "construed liberally and interpreted to 'raise the strongest arguments they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

#### 1. Petitioner's Claim that the Evidence Was Legally Insufficient Is Procedurally Barred

Petitioner's claim that there was legally insufficient evidence to support a finding of intent is procedurally barred on independent and adequate state grounds. "The Supreme Court has made clear that the 'adequate and independent state ground doctrine applies on federal habeas,' such that 'an adequate and independent finding of procedural default will bar federal habeas review of the federal claim.'" *Calderon v. Perez*, No. 10-CV-2562 (GBD) (AJP), 2011 WL 293709, at *22 (S.D.N.Y. Jan. 28, 2011), *report and recommendation adopted*, No. 10-CV-2562 (GBD) (AJP), 2011 WL 1405029 (S.D.N.Y. Apr. 5, 2011) (quoting *Harris v. Reed,* 489 U.S. 255, 262 (1989)). *See also Jackson v. Virginia*, 443 U.S. 307, 321 (1979) (applying this rule to a claim that the evidence was legally insufficient to find guilt beyond a reasonable doubt). That is "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris*, 489 U.S. at 262 (citations omitted). Additionally, procedural default precludes federal habeas review "only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Id.*

Here, Petitioner's insufficient evidence claim is procedurally barred on state grounds. The Appellate Division held that "[Petitioner's] legal insufficiency claim is . . . unpreserved" and "decline[d] to review it in the interest of justice." *People v. Fawzi*, 155 A.D.3d 548, 549 (N.Y. App.

7

Div. 1st Dept. 2017).³ The claim was unpreserved because when Petitioner's trial counsel moved to dismiss the indictment at the close of evidence, he "did not identify any specific errors or evidentiary deficiencies, nor otherwise explain why his motion should be granted." R&R at 10. Under New York law, such "general motions simply do not create questions of law for [appellate] review." *People v. Hawkins*, 11 N.Y.3d 484, 492 (2008) (holding that a generalized motion to dismiss does not preserve a legal sufficiency challenge). *See also People v. Carncross*, 14 N.Y.3d 319, 324–25 (2010) ("[W]here a motion to dismiss for insufficient evidence is made, the preservation requirement compels that the argument be specifically directed at the alleged error. Given defendant's failure to argue with particularity that the evidence was legally insufficient to prove that he acted with the requisite *mens rea*, we are foreclosed from reviewing that claim here." (internal quotation marks and citations omitted)). Therefore, Petitioner's claim that the evidence was legally insufficient to prove intent is barred by an independent and adequate state procedural default rule. *Santiago v. Uhler*, No. 18-CV-2849 (LJL) (VF), 2022 WL 18096765, at *18 (S.D.N.Y. Dec. 7, 2022), *report and recommendation adopted*, No. 18-CV-2849 (LJL), 2023 WL 22625 (S.D.N.Y. Jan. 2, 2023) ("[T]he Appellate Division's determination that Petitioner's legal sufficiency claim was unpreserved presents an independent and adequate state procedural ground upon which to deny habeas relief.").

Petitioner has not made any showing that he had cause for the default, and he has failed to demonstrate that a fundamental miscarriage of justice will result from a failure to hear his claim. Petitioner's objection focuses only on the merits of the insufficiency claim, which the Court need not reach because the claim is barred. Therefore, the R&R correctly concluded that Petitioner's insufficiency claim does not merit habeas relief.

---

³ While the Appellate Division rejected the insufficiency claim on the merits "as an alternative holding," *Fawzi*, 155 A.D.3d at 549, that does not preserve Petitioner's claim. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 n.4 (2d Cir. 2000) ("[W]here a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved.").

### 2. Petitioner Had a Full and Fair Opportunity to Litigate His Fourth Amendment Claims

Petitioner had a full and fair opportunity in New York state court to litigate his challenges to the warrantless searches, and he therefore cannot assert those claims on federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Ethridge v. Bell*, 49 F.4th 674, 678 (2d Cir. 2022) ("[A] petitioner may not obtain habeas relief under the Fourth Amendment on the ground that the state court erroneously declined to suppress evidence obtained in an unlawful search if he had a full and fair opportunity to litigate the claim in state court."). The Second Circuit has "developed a litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his [F]ourth [A]mendment claims." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

> [R]eview of [F]ourth [A]mendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

*Id.* "[F]ederal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* (McKinney 1984 & Supp.1988), as being facially adequate." *Capellan*, 975 F.2d at 70 n.1. For good reason, therefore, Petitioner only contends that "an unconscionable breakdown occur[red] when the state court fail[ed] to conduct a reasoned inquiry into [his] claim." Objections at 2.

"[T]he focus of the inquiry as to whether there has been an unconscionable breakdown in the state corrective process is on 'the existence and application of the corrective procedures themselves' rather than on the 'outcome resulting from the application of adequate state court corrective procedures.'" *Singh v. Miller*, 104 Fed. App'x 770, 772 (2d Cir. 2004) (quoting *Capellan*,

9

975 F.2d at 71). "Subsequent court decisions applying the unconscionable breakdown standard make clear that a state court's 'fail[ure] to conduct a reasoned inquiry into the petitioner's claim,' or a 'disruption or obstruction of a state proceeding,' are the sorts of circumstances typifying an unconscionable breakdown." *Munford v. Graham*, No. 09-CV-7899 (DLC) (AJP), 2010 WL 644435, at *16 (S.D.N.Y. Feb. 24, 2010), *report and recommendation adopted*, No. 09-CV-7899 (DLC), 2010 WL 2720395 (S.D.N.Y. June 29, 2010), *aff'd*, 467 Fed. App'x 18 (2d Cir. 2012) (citing *Pena v. New York*, 04-CV-9499, 2008 WL 4067339 at *9 (S.D.N.Y. Aug. 26, 2008), and *Vega v. Artuz*, 97-CV-3775, 2002 WL 252764 at *12 (S.D.N.Y. Feb. 20, 2002)). Examples of breakdowns in the corrective procedure include "bribing of a trial judge, the government's knowing use of perjured testimony, or the use of torture to extract a guilty plea, all without opportunity to obtain state review." *Cappiello v. Hoke*, 698 F. Supp. 1042, 1050 (E.D.N.Y.), *aff'd*, 852 F.2d 59 (2d Cir. 1988).

Petitioner's assertion that his "mental health status . . . prevented him from communicating with his lawyer" and therefore from "present[ing] evidence" does not constitute an unconscionable breakdown of New York's process for litigating Fourth Amendment challenges. Objections at 2. First, Petitioner's alleged "failure to present . . . evidence" about his mother's consent, *id.*, is a failure of Petitioner to argue the claim, not a breakdown in or disruption of the existence or application of the state's procedure. *See Cepeda v. Morton*, No. 19-CV-2444 (JGK), 2020 WL 6382052, at *5 (S.D.N.Y. Oct. 30, 2020) (holding that there was no unconscionable breakdown when a trial judge did not let defense counsel call certain witnesses in a suppression hearing); *Shaw v. Scully*, 654 F. Supp. 859, 865 (S.D.N.Y. 1987) ("Where petitioners have either taken advantage of an opportunity to present Fourth Amendment claims or deliberately bypassed the procedure, . . . courts within this circuit have refused to equate ineffective assistance of counsel with unconscionable breakdown.").

Second, contrary to Petitioner's claim that the state courts "fail[ed] to conduct a reasoned inquiry," the trial court and the Appellate Division both considered whether "Petitioner's mother

10

gave the police consent to enter . . . into the Petitioner's room." Objections at 2. *See* Dkt. No. 27 at 63–66 (testimony at suppression hearing regarding mother's consent to enter the apartment and Petitioner's room). And both courts held that the searches did not violate the Fourth Amendment. Dkt. No. 27-1 at 89–90 (trial judge's finding that "the mother consented to [the officers'] entry" and "consented to their going into [] her son's bedroom"); *Fawzi*, 155 A.D.3d at 548 (finding that the police had proper consent to enter "the apartment defendant shared with his mother"). Petitioner has thus failed to show an unconscionable breakdown of the state court's procedure for adjudicating Fourth Amendment challenges. Therefore, as the R&R correctly concluded, Petitioner's Fourth Amendment claims do not provide a valid basis for habeas relief. *See Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002) ("[O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief.").

### 3. Proof of an Extreme Emotional Disturbance Defense is Not a Valid Basis for Habeas Relief

Plaintiff cannot assert on habeas review that he proved extreme emotional disturbance ("EED") "by a preponderance of the evidence." Petition at 11. EED is a partial affirmative defense provided under New York law to murder in the second degree. *See* N.Y. Penal Law § 125.25(1)(a). The defendant bears the burden of proving an EED defense by a preponderance of the evidence. *People v. Roche*, 98 N.Y.2d 70, 75 (2002). Petitioner is therefore essentially raising a claim that "by rejecting [his] insanity defense . . . the jury reached a verdict that was against the weight of the evidence." *Alexis v. Griffin*, No. 11-CV-5010 (DLC) (FM), 2014 WL 3545583 at *19 (S.D.N.Y. July 18, 2014), *report and recommendation adopted*, No. 11-CV-5010 (DLC), 2014 WL 5324320 (S.D.N.Y. Oct. 20, 2014) ("Although he does not frame it this way, [petitioner] essentially is advancing a claim that, by rejecting [his] insanity defense and convicting [him] of the charged

offenses, the jury reached a verdict that was against the weight of the evidence."). Such a claim is not cognizable on federal habeas review; "[i]t is not the role of a federal habeas court to reweigh evidence" but to determine if "any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jimenez v. Walker*, No. 00-CV-3599 (JBW), 2003 WL 22952842, at *8 (E.D.N.Y. Nov. 4, 2003), *aff'd*, 458 F.3d 130 (2d Cir. 2006); *see also Harris v. Fischer*, 438 Fed. App'x 11, 13–14 (2d Cir. 2011) (summary order) (holding that a Due Process "sufficiency-of-the-evidence claim" is cognizable only for "the elements of an offense," not an "affirmative defense" that does not "detract from the State's burden of proving any element of the offense at trial beyond a reasonable doubt"); *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. App'x 69, 75 (2d Cir. 2011) (summary order) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."). Thus, contrary to Petitioner's objection, the R&R correctly concluded that his claim that he proved his EED defense by a preponderance of the evidence is not reviewable.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full, and Mr. Fawzi's petition for a writ of habeas corpus is DENIED. The Clerk of Court is directed to mail a copy of this order to Petitioner, to enter judgment for Respondent, and to close this case.

SO ORDERED.

Dated: December 24, 2024

_____
GREGORY H. WOODS
United States District Judge